**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ANGEL T. TORRES, | : | |
| Petitioner, | : | Civ. No. 23-22350 (GC) |
| v. | : | |
| ROBERT CHETIRKIN, | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

**CASTNER, District Judge**

Petitioner is a state prisoner at the East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF 1). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, this Court has screened Petitioner's habeas petition for dismissal and determined that dismissal without a response and production of the record is not warranted.

Therefore, IT IS on this 16th day of November, 2023,

ORDERED that the Clerk shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

ORDERED that where the habeas petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondent may file and serve a motion to dismiss the habeas petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an answer to the merits of the habeas petition is unnecessary; and it is further

ORDERED that if a motion to dismiss due to untimeliness is filed, Petitioner shall have forty-five (45) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondent shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the motion to dismiss due to untimeliness is subsequently denied, the Court will then direct Respondent to file and serve a full and complete answer to all claims; and it is further

ORDERED that if Respondent does not file a motion to dismiss the habeas petition due to untimeliness, Respondent shall file and serve a full and complete response to all claims asserted in the habeas petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondent's response shall respond to each factual and legal allegation of the habeas petition, in accordance with Habeas Rule 5(b), and contain any affirmative defenses Respondent wishes to raise; and it is further

ORDERED that Respondent's response shall address the merits of each claim raised in the habeas petition by citing to relevant *federal* law; and it is further

ORDERED that Respondent's response shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any *pro se* filings; and it is further

ORDERED that Respondent's response shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondent's shall electronically file the response, the exhibits, and the list of exhibits; and it is further

ORDERED that all exhibits to the response must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply to Respondent's response within forty-five (45) days after Respondent files the answer, *see* Habeas Rule 5(e); it is further

ORDERED that within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

ORDERED that the Clerk shall serve this Order on Petitioner by regular U.S. mail.

/s/*Georgette Castner*
GEORGETTE CASTNER
United States District Judge