**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL T. TORRES,<br><br>Petitioner,<br><br>v.<br><br>ROBERT CHETIRKIN,<br>*Administrator, East Jersey State Prison,*<br><br>Respondent. | Civil Action No. 23-22350 (GC)<br><br>**MEMORANDUM & ORDER** |

**THIS MATTER** comes before the Court on the Letter Motion for Stay filed by *pro se* Petitioner Angel T. Torres.  (ECF No. 11 ("Letter Motion for Stay").)  The Court ordered Respondent to file a response to Petitioner's Letter Motion for Stay (ECF No. 16), and the response was filed (ECF No. 17 ("Response to Letter Motion for Stay").  For the reasons set forth below, the Letter Motion for Stay is denied as moot, and Petitioner is granted leave to file a traverse replying to Respondent's response to Petitioner's habeas petition.

On or about November 3, 2023,[1] Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a supporting attachment.  (ECF No. 1 ("Petition"); ECF No. 1-1 ("Attachment").)  In the Petition and Attachment, Petitioner alleges twelve grounds for relief. (ECF No. 1 at 5-10; ECF No. 1-1 at 4-6.)  Petitioner indicates that Grounds Six through Twelve were raised in a second post-conviction relief ("PCR") proceeding pending before the state courts.

---

[1]    *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's filing is deemed filed at the moment he or she delivers it to prison officials for mailing to the district court).

(ECF No. 1 at 10.) Noting that, on October 12, 2023, Petitioner filed a petition for certification with the New Jersey Supreme Court with respect to the denial of his second PCR petition, Petitioner requests that the federal Petition be stayed under *Rhines v. Weber*, 544 U.S. 269 (2005), pending the state supreme court's disposition of the petition for certification. (*Id.* at 14.)

On November 16, 2023, the Court directed Respondent to file an answer to the Petition and granted Petitioner leave to file a reply to Respondent's response. (ECF No. 2 at 3.)

After being granted an extension of time, Respondent filed an answer or response to the Petition on February 23, 2024. (ECF No. 5; ECF No. 6 ("Response").) In Point III of Respondent's Affirmative Defenses, Respondent notes that the petition for certification to the New Jersey Supreme Court from the denial of the second PCR petition was still pending before the state supreme court. (*Id.* at 40.) According to Respondent, "[Petitioner's] claims in Grounds Six, Seven, Eight, Nine, Ten, Eleven, and Twelve are unexhausted." (*Id.* (footnote omitted).)

On March 15, 2024, Respondent submitted a letter notifying the Court that, on that date, Respondent received the New Jersey Supreme Court's order denying Petitioner's petition for certification. (ECF No. 13 at 2 (citing ECF No. 13-1).) Respondent admits that because the second PCR petition has been resolved, the "exhaustion affirmative defense raised in respondent's Answer is moot." (*Id.*)

In Petitioner's Letter Motion for Stay, dated March 9, 2024 and received on April 3, 2024 (within the time period for Petitioner to file and serve a reply to the Response to the Petition), Petitioner moves for a stay pursuant to *Rhines*. (ECF 14 at 1.) Specifically, Petitioner requests that this Court: (1) stay the proceedings until the New Jersey Supreme Court has decided the petition for certification; and (2) extend the time for Petitioner to file a reply or traverse to the Response. (*Id.*)

On or about May 8, 2024, Petitioner filed a "Declaration of Service" stating that, on that date, Petitioner caused "a Reply Letter to Respondent's Answer to his 2254 Petition to be duly mailed through the institutional mailroom at East Jersey State Prison" to "the Justice Chambers of Honorable Georgette Castner" (at 50 Walnut Street, Newark, New Jersey), the "Office of the Clerk" (at the same address), and Respondent. (ECF No. 15 at 1.) No reply letter has been received.

On August 8, 2024, the Court ordered Respondent to file a response to Petitioner's Letter Motion for Stay. (ECF No. 16 at 1.) The Court also granted Petitioner leave to file a reply in further support of his motion and directed the Clerk of the Court to administratively terminate the Motion pending completion of briefing. (*Id.*)

Respondent filed the Response to the Letter Motion for Stay on August 12, 2024. (ECF No. 17.) Respondent states that the basis for the Letter Motion for Stay was Petitioner's pending petition for certification, which has been denied. (*Id.* at 2.) According to Respondent, the stay motion and Respondent's exhaustion affirmative defense are moot. (*Id.*)

Petitioner did not file a reply to the Response to his Letter Motion for Stay.

It is undisputed that, on March 8, 2024, the New Jersey Supreme Court denied Petitioner's petition for certification as to the ruling of the Superior Court of New Jersey, Appellate Division affirming the denial of Petitioner's second PCR petition. *See State v. Torres*, 256 N.J. 432 (2024); *State v. Torres*, No. A-2117-21, 2023 WL 5994213 (N.J. Super. Ct. App. Div. Sept. 15, 2023) (per curiam). Accordingly, it appears that Grounds Six through Twelve have been exhausted, and that both Respondent's exhaustion affirmative defense and Petitioner's request for a stay under *Rhines* are moot. However, the Court grants Petitioner leave to file a reply to the Response to the Petition.

3

IT IS, therefore, on this ____ day of July 2025, **ORDERED** as follows:

1.      The Clerk of the Court is directed to **REINSTATE** the Motion at ECF No. 14.

2.      The Petitioner's Letter Motion for Stay (ECF No. 14) is **DENIED** as moot.

3.      Petitioner may file and serve a reply to Respondent's Response to the Petition (ECF No. 6) within 45 days of the date of entry of this Order.

4,      The Clerk of the Court is directed to **TERMINATE** the Motion pending at ECF No. 14.

5.      For administrative purposes only, the Clerk of the Court is directed to **ADMINISTRATIVELY TERMINATE** this matter pending the completion of briefing on the Petition.

6.      The Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

GEORGETTE CASTNER
United States District Judge

4